470 A.2d 993

**Sheila WALKER, Appellant,**

**v.**

**PORT AUTHORITY OF ALLEGHENY COUNTY.**

Superior Court of Pennsylvania.

Argued Nov. 29, 1983.

Filed Jan. 13, 1984.

428

David M. Korman, Pittsburgh, for appellant.

Irvin S. Bails, Pittsburgh, for appellee.

Before ROWLEY, WIEAND and HESTER, JJ.

WIEAND, Judge:

Sheila Walker, a passenger on a bus owned and operated by the Port Authority of Allegheny County, was discharged at the corner of Sixth and Liberty Avenues in Pittsburgh.

After she had exited the bus through the center doors and after the bus doors had again been closed, but before she could reach the curb, Ms. Walker was struck by a vehicle being operated along the right side of the bus. The trial court concluded that Ms. Walker was not an occupant of the bus at the time she was injured and that the bus had not been involved in the injury-producing accident. Therefore, the trial court held that the Port Authority was not liable to Ms. Walker for basic loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq. Exceptions were dismissed, and this appeal followed. We reverse.

■ In reversing, we find it unnecessary to determine whether appellant continued to be an "occupant" of the bus after she had alighted from the bus and the bus doors had been closed. Assuming, without deciding, that she was no longer an occupant of the bus, Section 204(a)(4) of the Pennsylvania No-Fault Act, 40 P.S. § 1009.204(a)(4), nevertheless provides:

> The security for the payment of basic loss benefits applicable to an injury to an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident.

Where a bus discharges a passenger on a public thoroughfare and the passenger is struck by a passing vehicle before the passenger can reach the curb or other place of safety, that bus, we have held, has been "involved in an accident." *Tyler v. Insurance Co. of North America*, 311 Pa.Super. 25, 31, 457 A.2d 95, 98 (1983). See also: *Homa v. Wilkes-Barre Transit Corp.*, 394 Pa. 309, 147 A.2d 377 (1959); *Coyne v. Pittsburgh Railways Co.*, 393 Pa. 326, 141 A.2d 830 (1958).[1] Appellee, therefore, was entitled to recover basic loss benefits, together with interest thereon, from the

---

1. The passing vehicle was also "involved" in the accident. The parties have represented, however, that this vehicle, licensed in and by the State of Wisconsin, did not carry "no-fault" coverage.

Port Authority which provided the applicable security therefor.

Appellant also contends that she is entitled to recover reasonable counsel fees because appellee's refusal to pay basic loss benefits was unreasonable and in bad faith. See: *Hayes v. Erie Insurance Exchange*, 493 Pa. 150, 425 A.2d 419 (1981). This issue was not considered by the trial court, and the record is insufficient to permit this court to determine whether appellee's denial of benefits was unreasonable as a matter of law.

Reversed and remanded for proceedings consistent with this opinion. Jurisdiction is not retained.