505 A.2d 1121

City of Scranton, Appellant *v.* International Association of Machinists and Aerospace Workers Lodge 2305, AFL-CIO, and Thomas Gervasi, Appellees.

City of Scranton *v.* International Association of Machinists and Aerospace Workers Lodge 2305, AFL-CIO, and Thomas Gervasi. International Association of Machinists and Aerospace Workers Lodge 2305, AFL-CIO, Appellant.

Argued February 4, 1986, before Judges ROGERS and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*William C. Steppacher,* with him, *Edmund J. Scacchitti,* City Solicitor, and *William J. Hall,* Assistant City Solicitor, for appellant/appellee, City of Scranton.

*Edward S. Neyhart,* with him, *John J. Dunn, Sr., Dunn & Byrne,* for appellee/appellant, International Association of Machinists and Aerospace Workers Lodge 2305, AFL-CIO and Thomas Gervasi.

OPINION BY JUDGE ROGERS, March 11, 1986:

We have consolidated for argument and disposition the appeal of the City of Scranton (City) and the cross appeal of the International Association of Machinists and Aerospace Workers, Lodge 2305, AFL-CIO (Union), from an order of the Court of Common Pleas of Lackawanna County affirming the award of an arbitrator sustaining a grievance of the union.

The City laid off about twenty employees of its Department of Public Works. Several months later, the city began calling these employees back to work on a day-to-day basis, apparently in the order of seniority. They were paid at a rate of pay equal to that which they had received prior to the layoffs; however, they were denied the fringe benefits they had previously enjoyed. Those of these employees who were union members filed a grievance requesting an order that the City reinstate all of the benefits provided by the collective bargaining agreement (agreement).

The arbitrator described the question as:

Did the City of Scranton violate the terms and provisions of the Collective Bargaining Agreement when it failed to provide members of Machinists Lodge #2305, International Association of Machinists and Aerospace Workers, AFL-CIO, all of the benefits provided in the contract when it began to use them on a day to day basis beginning on or about April 24, 1982?

The arbitrator found that the City had violated the agreement and entered an award in favor of the union.

542

The City appealed the award, and the common pleas court affirmed in an order which is the subject of the present appeals.

## The City's Appeal (No. 1235 C.D. 1985)

The City contends that the arbitrator's award is in error because it does not draw its essence from the collective bargaining agreement.

The scope of review of final and binding arbitrator awards was described in *Community College of Beaver County v. Community College of Beaver County, Society of Faculty,* 473 Pa. 576, 375 A.2d 1267 (1977):

> To state the matter more precisely, where a task of an arbitrator, PERA or otherwise, has been to determine the intention of the contracting parties as evidenced by their collective bargaining agreement and the circumstances surrounding its execution, then the arbitrator's award is based on a resolution of a question of fact and is to be respected by the judiciary if 'the interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention. . . .'

In *Leechburg Area School District v. Dale,* 492 Pa. 515, 520-21, 424 A.2d 1309, 1312-1313 (1981), the essence test is described as:

> requiring a determination as to whether the terms of the agreement encompass the subject matter of the dispute. Where it is determined that the subject matter of the dispute is encompassed within the terms of the agreement, the validity of the arbitrator's interpretation is not a matter of concern to the court. . . . The fact that the arbitrator in analyzing the dispute may have failed to properly perceive the ques-

tion presented or erroneously resolved it, does not provide justification for judicial interference.

The arbitrator properly based his decision upon Article VI of the collective bargaining agreement:

## EMPLOYEES

*Section 1:* All employees whose services are of a seasonal character for a limited continuous period of time not to exceed six (6) months, in the classification of swimming pool personnel, caretakers and playground personnel in the Bureau of Parks and Recreation, shall be deemed to be temporary employees and not covered by the Agreement.

*Section 2:* All new regular employees engaged by the employer shall serve a probationary period of thirty (30) days. After completion of their probationary period, all new regular employees shall become permanent regular employees.

The arbitrator's treatment of this provision was as follows:

Article VI, *Employees,* Sections 1 and 2 thereof provide a definition or classification of excepted employees limiting the application of the agreements or excluding the application of the agreement from employees who are of a 'seasonal' character, but goes on to define that 'all new regular employees engaged by the employer shall serve a probationary period of thirty (30) days. After completion of this probationary period, all new regular employees shall become permanent regular employees.' Nothing has been shown here that would distinguish the grievants as enumerated heretofore in this Award from being permanent regular employees. All said employees served the

requisite thirty (30) days probationary period and all then fell into the class of covered employees known as permanent regular employees.

The fact that the City chooses to call them back on a day-to-day basis is wholly within the rights of the City in seeking to conduct an effective economical management of the City. That however does not give the City the right to withhold any contractual benefits that they would otherwise be entitled to.

The City's contention that the arbitrator should have decided that these called back, day-to-day employees were of a category other than permanent regular employees is ineffective because, as the arbitrator observed, the agreement provides for no category other than permanent regular except swimming pool personnel and other seasonal workers, and those employees were not swimming pool personnel or other temporaries. The arbitrator's decision clearly draws its essence from the agreement and is therefore conclusive.

### The Union's Appeal (No. 1291 C.D. 1985)

The union presents two arguments. It claims that the court erred by affirming the award without ordering the City to pay interest on the award from the date it was entered, August 29, 1983.

The arbitrator's award was simply that the question submitted to him should be answered in the affirmative; that is, that all benefits should be provided the laid-off workers recalled on a day-to-day basis. In its brief, the Union computes the lost benefits of vacation pay, personal holidays, and other benefits and allowances to have a monetary value of $45,493.73.

In support of its argument that it is entitled to interest on the award, the union cites Section 8101 of

the Act of July 9, 1976 (Act), 42 Pa. C. S. §8101, which provides:

> Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

The City concedes, and we agree, that the union is entitled to interest from the date the arbitrator entered his award, but only judgment for a specific sum can bear interest. We cannot find in the record any indication that the court entered judgment for a specific amount of money. We will remand the record for a determination by the court of the amount of benefits which the union lost due to the City's violation and for the entry of a judgment in conformity with its findings.

The union's second ground for appeal urges that the common pleas court erred in failing to award it its counsel fees pursuant to Section 2503 of the Act, 42 Pa. C. S. §2503 because the City "has evidenced bad faith in commencing this lawsuit and has unjustly inflated the legal cost of this suit by its obdurate and vexatious conduct during the course of this lawsuit." The union raised the issue of counsel fees in its Answer and New Matter in proceedings in the common pleas court. Since the common pleas court failed to address this issue, and since all allegations in connection with this issue pertain to conduct by the City before that court, we will remand the record for a determination of whether the union is entitled to recover its counsel fees. *Walker v. Port Authority of Allegheny County,* 323 Pa. Superior Ct. 427, 470 A.2d 993 (1984).

In No. 1235 C.D. 1985, we affirm the order of the common pleas court.

In No. 1291 C.D. 1985, we remand the record for findings and conclusions consistent with this opinion. Jurisdiction is relinquished.

ORDER IN 1235 C.D. 1985

AND Now, this 11th day of March, 1986, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is affirmed.

ORDER IN 1291 C.D. 1985

AND Now, this 11th day of March, 1986, we remand the record for findings and conclusions consistent with this opinion. Jurisdiction is relinquished.