## Barton v. Pa. Manufacturers' Association Insurance Co.

*Constance P. Brunt,* for plaintiff.
*Charles E. Wasilefski,* for defendant.

MORGAN, *J.,* November 10, 1983—Before the court en banc is plaintiffs' motion for summary judgment. The case arises out of an accident that occurred on the afternoon of December 20, 1981. Six-year-old Jed Barton was injured when he either collided with or was struck by a police vehicle in the borough of Highspire. At the time of the accident Jed's parents were not insured under the No-fault Motor Vehicle Insurance Act, 40 Pa.C.S. §1009 (Purdon 1983 supp.); but the borough's police car, however, was insured under the act by defendant insurance company. Defendant refused the Barton's claim for reimbursement of Jed's medical expenses, arguing that those expenses had already been paid by Blue Cross/Blue Shield, and that the No-fault Act and the provisions of the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 (Purdon 1983 supp.), prohibit such double recovery. The Bartons, both parents and child, then brought suit to recover the allowable expenses with interest; and, citing defendant's bad faith in refusing to pay the benefits, they also requested attorney's fees and costs of suit. The pleadings are now closed. Plaintiffs have moved for summary judgment, arguing that no material facts are in dispute and that judicial interpretations of the No-fault Act and the Political Subdivision Tort Claims Act will establish that they are entitled to summary judgment as a matter of law. Defendant agrees that there are no material facts in dispute with respect to plaintiffs' claim for allowable expenses. However, it argues that the is-

sue of bad faith is in dispute and is therefore not properly the subject of a motion for summary judgment. We find that neither the No-fault Act nor the Political Subdivision Tort Claims Act relieves defendant's liability to provide benefits to plaintiffs for losses already paid from a collateral source, and therefore grant plaintiffs' motions for summary judgment to this end. We further agree with plaintiffs that the issue of bad faith is not in dispute and, therefore, plaintiffs' motion for summary judgment is granted to the extent that defendant is required to pay for plaintiffs' reasonable attorney's fees and costs of suit. The question as to exactly how much and how reasonable those fees are is not clear, however. A hearing to determine that issue will be necessary.

Rule 1035 of Pennsylvania's Rules of Civil Procedure, 42 Pa.C.S. (Purdon 1983 supp.), provides that after the pleadings are closed any party may move for summary judgment. In considering such a motion the court is not limited to the pleadings but must examine any depositions, answers to interrogatories, admissions on the record, and supporting affidavits. Judgment is appropriately rendered if the court finds that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 1035(b), supra; 6 Standard Pennsylvania Practice 2d 199-200 (1982). Any doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party. First Pennsylvania Bank v. Triester, 251 Pa. Super. 372, 380 A.2d 826 (1977) (allocatur refused).

Defendant's arguments concerning double recovery may be quickly disposed of. Under §1009.111(b) of the No-fault Act an obligor is required to provide basic loss benefits (which under §1009.202(a) in-

clude allowable expenses) "to each individual enti-
tled thereto, pursuant to the terms and conditions of
this act." Defendant, as the insurer of the only mo-
tor vehicle involved in the incident which resulted
in injury to an uninsured person, is obligated to pro-
vide those benefits to plaintiffs by §1009.204(a)(4).
That subsection does not contain any language pre-
venting double recovery.

We might otherwise be induced to construe the
act as not permitting double recovery if it were not
for the fact that the legislature specifically consid-
ered and dealt with that issue in other sections of
the act.* Its silence here indicates not an oversight
but rather a conscious decision not to prohibit such
recovery under these circumstances.

The second prong of defendant's two-fold attack
is that the provisions of the Political Subdivision
Tort Claims Act, 42 Pa.C.S. §8541 et seq. (Purdon
1983 supp.) prevents such double recovery. Specifi-
cally defendant cites §8553(d):

"If a claimant receives or is entitled to receive
benefits under a policy of insurance other than a life
insurance policy as a result of losses for which dam-
ages are recoverable under subsection (c) [which
includes medical expenses], the amount of such
benefits shall be deducted from the amount of dam-
ages which would otherwise be recoverable by such
claimant." That subsection, indeed the whole
subchapter, has no application here. It deals with

---

* See, for example, §1009.108(a)(3) (concerning the setoff
of other benefits under the Assigned Claims Plan),
§1009.203(b) and (c) (concerning a motor vehicle owner/
operator's option to elect substitute security designated as the
primary source of payments, and the lower cost of the No-fault
insurance if that option is elected), and §1009.206 (requiring
the setoff of certain benefits or advantages such as workman's
compensation and social security in calculating net loss).

actions against local agencies to recover for injuries "caused by the negligent acts of the local agency or an employee thereof . . .", §8542(a)(2)—in other words, tort actions in trespass brought against a local agency. In such suits an insurer undertaking the defense of the agency could assert defenses and immunities available to that agency. That is not the case here. We have before us an action in assumpsit brought directly against the insurer pursuant to a contract to seek benefits due under an act in which fault is irrelevant. The Political Subdivision provisions therefore afford defendant no relief.

Defendant is accordingly obligated to pay the benefits sought by plaintiffs. And as it admitted that plaintiffs submitted reasonable proof of the amounts due on August 24, 1982 (see paragraph 11 of defendant's answer to plaintiffs' complaint), it is also obligated to pay interest of 18 percent per annum, calculated from September 23, 1982, the date those benefits became overdue. §1009.106(a)(2), supra.

We are left with the question of whether defendant's refusal to pay plaintiffs' claim was in bad faith, thus entitling plaintiffs to an award of counsel fees and costs of suit. Defendant admitted in its answer to plaintiffs' complaint that plaintiffs were uninsured and that reasonable proof of the loss was submitted in August of 1982. The only remaining question is whether the issue behind defendant's failure to pay is nonfrivolous and one of first impression, thus providing a reasonable foundation for that failure. §1009.107, supra; Hayes v. Erie Ins. Exch., 261 Pa. Super. 171, 395 A.2d 1370 (1978).

In an effort to demonstrate that this case is not one of first impression, the plaintiffs cite Steppling v. Pennsylvania Manufacturers' Assoc. Ins. Co. 66 Erie L.J. 73 (1982). Steppling, insured under both

No-fault and Blue Cross, sought to obtain benefits from the former for losses already covered by the latter. The court permitted the double recovery, citing §1009.203(b) and (c) (noted earlier in footnote 1). Defendant seeks to distinguish this case on the basis that Steppling was the actual insured under the No-fault policy from which benefits were sought, whereas plaintiffs here seek to utilize a third party's policy.

The distinction is not significant here. We find that the defendant is liable for the reasonable fees of plaintiffs' counsel and the costs of suit. While the set of facts before us may be unique and the case therefore technically one of first impression, the defendant had both the No-fault Act and the Steppling case from which it could reasonably determine that payment of No-fault benefits was mandated. "An insurer cannot simply grasp at an unlitigated straw, and hope thereby to avoid or partially avoid its obligations. Or, at least if it does so, it must do so at its own peril with respect to both interest and attorney's fees." Steppling, supra at 78.

Defendant has periled and lost, and is therefore liable for payment of palintiffs' legal fees. The amount and reasonableness of those fees is unclear, however, and has not been stipulated to by the parties. A hearing will therefore be required to resolve that question.

Accordingly, we enter the following

## ORDER

And now, November 10, 1983, plaintiffs' motion for summary judgment is granted, except as to the amount and reasonableness of the attorney's fees. A hearing will be required to resolve that question.