557 A.2d 430

Gail P. Hill, Appellant *v.* Port Authority Transit System of Allegheny County, Appellee.

Argued May 24, 1988, before President Judge CRUM-LISH, JR., Judge SMITH, and Senior Judge BARBIERI, sitting as a panel of three.

*Arthur L. Schwarzwaelder,* with him, *Diane J. Christel, Dickie, McCamey & Chilcote, P.C.,* for appellant.

*Charles P. Falk, Baskin, Flaherty, Elliott & Mannino, P.C.,* for appellee.

OPINION BY JUDGE SMITH, April 11, 1989:

Appellant, Gail P. Hill, appeals from the September 9, 1987 decision of the Court of Common Pleas of Allegheny County denying Appellant's motion for post-trial relief in the nature of a request for increase in a non-jury verdict of $20,938.38 at 18% interest rendered in Appellant's behalf.

Appellant raises three issues for review: Whether the trial court erred as a matter of law in concluding that Appellant's basic loss benefits recoverable against the Port Authority of Allegheny County (Authority) under the No-Fault Motor Vehicle Insurance Act[1] (No-Fault Act) were limited by Section 8553(d) of the Judicial Code (Code), 42 Pa. C. S. §8553(d); whether the trial court erred in limiting the 18% interest due Appellant from the date of trial only; and whether the court erred in denying Appellant attorney's fees and costs incurred in pursuit of her no-fault claim against the Authority.

On December 15, 1980, Appellant sustained serious personal injuries when she was struck by a bus owned and

---

[1] Act of July 19, 1974, P.L. 489, *as amended, formerly* 40 P.S. §§1009.101-1009.701, repealed by Sections 1701-1798 of the Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. §§1701-1798.

operated by the Authority as she walked along Fifth Avenue in the Oakland section of Pittsburgh. Appellant notified the Authority by letter dated January 22, 1982 of the accident and her demand for payment of no-fault benefits. The Authority denied liability contending that it was not the primary obligor of benefits to Appellant. In the course of reviewing Appellant's claim, the Authority discovered that Appellant had represented to the Bureau of Motor Vehicles that she had insurance coverage with Allstate from February 1, 1980 through January 31, 1981.

Appellant filed her complaint in assumpsit on December 1, 1982 alleging that the Authority was obliged to provide no-fault benefits to Appellant pursuant to the No-Fault Act. The Authority continued to deny liability on the premise that the Authority was not the primary obligor. Prior to trial, the Authority was permitted to file an amended answer and new matter raising governmental immunity under Section 8541 of the Code, 42 Pa. C. S. §8541. Non-jury trial commenced on December 5, 1986.

By opinion and order dated April 15, 1987, the trial court awarded Appellant $13,365.55, the balance due on total hospital and medical expenses of $66,716.41 not covered by Blue Cross and Blue Shield; and $7,542.52 lost wages.[2] (This Court notes that the amounts awarded total $20,908.07 rather than $20,938.07.) The trial court determined that 18% interest payable on Appellant's no-fault claim shall be calculated from the date of trial, an amount estimated at $1,361.01 by the trial court. Further, the trial court denied Appellant's petition for rea-

---

[2] This amount was calculated by deducting $7,457.48 in disability insurance benefits received by Appellant from the $15,000.00 maximum no-fault wage loss limit pursuant to Section 202 of the No-Fault Act. The trial court refused to deduct $13,480.98 gratuitously paid to Appellant under her employer's wage continuation policy.

sonable costs and fees under Section 107 of the No-Fault Act finding that the Authority had a reasonable basis for contest based upon the Bureau of Motor Vehicles records and Appellant's actions which caused inordinate delays. Appellant petitioned this Court for review.[3]

*I*

Initially, Appellant argues that the Authority is no longer a local agency in light of *Marshall v. Port Authority of Allegheny County,* 106 Pa. Commonwealth Ct. 131, 525 A.2d 857 (1987), *appeal granted,* 518 Pa. 621, 541 A.2d 748 (1988).[4] In *Marshall,* this Court specifically found that the Port Authority of Allegheny County was a local agency, fitting squarely within the definition of local agency provided in Section 8501 of the Code, 42 Pa. C. S. §8501. Furthermore, Appellant contends that the trial court impliedly repealed the collateral benefits provision of Section 203 of the No-Fault Act which allows double recovery or double dipping.[5] Appellant relies on *Allstate*

---

[3] This Court's scope of review requires an affirmance of the trial court unless that court abused its discretion or committed an error of law. *Jones v. Bonner,* 107 Pa. Commonwealth Ct. 283, 523 A.2d 849, *reaffirmed,* 107 Pa. Commonwealth Ct. 290, 527 A.2d 1125 (1987).

[4] In *Baker v. Aetna Casualty and Surety Co.,* 309 Pa. Superior Ct. 81, 454 A.2d 1092 (1982), *overruled on other ground, Antanovich v. Allstate Insurance Co.,* 320 Pa. Superior Ct. 322, 467 A.2d 345 (1983), *affirmed,* 507 Pa. 68, 488 A.2d 571 (1985), the Superior Court declared that its decisions are the law of the Commonwealth until overruled by the Supreme Court. We construe this language to likewise apply to this Court's decisions.

[5] Section 203 provided in pertinent part:

(a) If benefits other than no-fault benefits are provided to an individual through a program, group, contract or other arrangement for which some other person pays in whole or in part that would inure to the benefit of a victim or the survivor of a deceased victim injured as a result of an accident in the absence of no-fault benefits, then any reduction or savings in the direct or indirect cost to such person

*Insurance Co. v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980) and *Steppling v. Pennsylvania Manufacturers' Association Insurance Co.*, 328 Pa. Superior Ct. 419, 477 A.2d 515 (1984) in support of her argument. The Pennsylvania Supreme Court in *Heffner* stated: "That the mere possibility of double recovery . . . , does not seem contrary to either the express or implied intention of the legislature." *Heffner*, 491 Pa. at 459, 421 A.2d at 636. The Supreme Court does not, however, hold that the No-Fault Act mandates double recovery as Appellant urges this Court to decide. Moreover, the Superior Court in *Steppling*, unlike the matter *sub judice*, was faced with construction of a single statute, the No-Fault Act, and a private program of insurance. *See Walker v. Port Authority of Allegheny County*, 323 Pa. Superior Ct. 427, 470 A.2d 993 (1984).

Appellant has recovered approximately 80% of her expenses from private insurance but demands that all expenses incurred be paid by the Authority in direct contravention of this Court's decision in *City of Philadelphia v. Nationwide Insurance Co.*, 92 Pa. Commonwealth Ct. 20, 498 A.2d 462 (1985), *appeal denied*, No. 8 E.D. Allocatur Docket 1986.[6] To support her argument, Appellant relies upon a Dauphin County Common Pleas Court decision in *Barton v. Pennsylvania Manufacturers'*

of such benefits resulting from the existence of no-fault benefits shall be returned to such individual or utilized for his benefit.

[6] Appellant argues that this Court failed to consider the principles of statutory construction and requests this Court to reconsider its decision in *City of Philadelphia*. Appellant contends that the governmental immunity provisions of the Code were enacted after the No-Fault Act and since there was no mention of repeal of any provisions of the No-Fault Act, it should control. This Court did, however, consider in *City of Philadelphia* the statutory construction arguments raised by Appellant here, and therefore, Appellant's argument is rejected as without merit.

*Association Insurance Co.*, 35 Pa. D. & C. 3d 624 (1983), which held that defendant was not relieved from liability to provide benefits to plaintiff for losses already paid from a collateral source and that the governmental immunity provisions had no application in an action for assumpsit. This Court, however, held in *City of Philadelphia* that the city is an obligated government under Section 104(c) of the No-Fault Act and liable for payment of basic loss benefits where applicable. Further, the city and Nationwide, the two insurers liable in an accident involving an uninsured pedestrian, were held to be basic loss benefits obligors of equal status but that the city's liability was limited by the Political Subdivision Tort Claims Act.[7] *See also Thomas v. Pagano*, 108 Pa. Commonwealth Ct. 131, 529 A.2d 74 (1987), where this Court, in relying upon *City of Philadelphia*, held that the limitation on liability contained in Section 8528(b) of the Code, 42 Pa. C. S. §8528(b), was not limited by provisions of the No-Fault Act.

Hence, by analogy, this Court finds that the present action falls within Section 8542(b)(2) of the Code, 42 Pa. C. S. §8542(b)(2), and therefore, the damages provisions of Section 8553(d) are applicable to this case. Section 8553(d) provides as follows:

> If a claimant receives or is entitled to receive benefits under a policy of insurance other than a life insurance policy as a result of losses for which damages are recoverable under subsection (c), the amount of such benefits shall be deducted from

---

[7] Act of November 26, 1978, P.L. 1399, *formerly* 53 P.S. §§5311.101-5311.803, repealed by the Act of October 5, 1980, P.L. 693. The Tort Claims Act was substantially reenacted by the General Assembly as Subchapter C of Chapter 85 of the Judicial Code, 42 Pa. C. S. §§8541-8564.

the amount of damages which would otherwise be recoverable by such claimant.

Section 8553(d) has been interpreted as limiting recovery by a claimant where a collateral source of benefits exists and that private insurance benefits would be deducted from any damages for which a municipality would otherwise be liable. *See General Accident Insurance Co. v. City of Philadelphia*, 114 Pa. Commonwealth Ct. 528, 539 A.2d 59 (1988); *U.S. Fidelity & Guaranty Co. v. Pennsylvania National Mutual Casualty Insurance Co.*, 112 Pa. Commonwealth Ct. 252, 535 A.2d 294 (1987).

This Court therefore holds that Appellant is not entitled to double recovery since the Authority qualifies as a local agency entitled to the limitations of damages under Section 8553(d) of the Code. *See Savitt v. City of Philadelphia*, 557 F. Supp. 321 (E.D. Pa. 1983). Hence, the trial court properly denied recovery from the Authority of the full amount of Appellant's medical expenses totalling $66,716.41.

In addition, Appellant claims that the court erred in deducting $7,457.48 received by Appellant from her disability insurance coverage from the $15,000.00 maximum limit for wage loss under the No-Fault Act. Appellant submits that the trial court should have instead deducted $7,457.48 from the total amount of her wage loss of $17,663.00. Clearly, Appellant's argument is contrary to the express language of Section 202 of the No-Fault Act which provides for a $15,000.00 maximum limit on wage loss claims and is accordingly rejected by this Court.

Appellant maintains that the governmental immunity provisions apply only to actions in tort and not to assumpsit actions. The trial court rejected this argument, although indicating that no Pennsylvania appellate court law existed which specifically resolved this subject. How-

ever, the trial court relied upon the federal district court decision in *Savitt* which involved an action based in tort by a New York resident against the city of Philadelphia arising out of injuries sustained by plaintiff when struck by a police car. In construing whether provisions of the Political Subdivision Tort Claims Act or the No-Fault Act applied to plaintiff's damages claim, the *Savitt* court stated that the subsequent enactment by the legislature of the Political Subdivision Tort Claims Act was intended to be a comprehensive statute regulating the conduct of actions for damages on account of injury brought against municipalities and that the statute did in fact apply to plaintiff's claim thus requiring the court to deduct insurance benefits from plaintiff's jury award. Further, it was intended to re-establish limited governmental immunity abrogated by *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973), subject to the specific exceptions delineated in the Act itself. Inasmuch as the "essential character" of Appellant's action is one for damages for which the Authority could be held liable but for the No-Fault Act, the limitations of governmental immunity are deemed to be applicable here. *See City of Philadelphia.* This Court therefore finds that the trial court properly decided the issue and acted in accordance with the law.

## II

Appellant next challenges the trial court's decision to assess 18% interest on the award from the date of trial rather than from February 8, 1984 and October 22, 1984, the dates on which the Authority obtained reasonable proof of medical expenses and lost wages, respectively. In the alternative, Appellant argues that interest should be assessed from February 24, 1982 or thirty days after the Authority received notice of Appellant's No-Fault

Claim.[8] Appellant disputes the trial court's conclusion that she did not submit reasonable proof of fact and amount of loss until December 5, 1986, the date of trial.

The Authority contends that up to the time of trial, records at the Board of Motor Vehicles maintained that Appellant had automobile liability insurance coverage.[9] The record demonstrates that the Authority refused to concede that Appellant did not have motor vehicle insurance coverage at the time of the accident despite evidence in the record to prove otherwise. Despite records maintained by the Bureau of Motor Vehicles, the Authority's own investigation of Appellant's insurance status disclosed definitively by December 20, 1984 that Appellant was uninsured. *See* Defendant's Pre-Trial Statement, Exhibit #2. The court erroneously reasoned that it was not determined until the date of trial that Appellant was not covered by any automobile insurance coverage and therefore that the 18% interest shall accrue from that date. Accordingly, the trial judge improperly assessed interest from December 5, 1986, also determined to be the date of judgment, rather than from December 20, 1984. Further, Section 8541 of the Code does not preclude imposition of prejudgment interest against the Authority. *See Savitt.*

Although the Authority recognizes the Supreme Court's holding of the constitutionality of the 18% inter-

---

[8] Section 106(a)(2) of the Act provided that overdue payments (not paid within 30 days after receipt by obligor of each submission of reasonable proof of the fact and amount of loss sustained) bear interest at a rate of 18% per annum.

[9] The Authority had asserted an estoppel argument claiming that since Appellant misrepresented her insurance coverage to the Department of Motor Vehicles, she should be estopped from claiming that she was uninsured. *See U.S. National Bank in Johnstown v. Drabish,* 187 Pa. Superior Ct. 169, 144 A.2d 640 (1958). Since the elements of estoppel are not present, we dismiss the Authority's argument.

est rate in *Hayes v. Erie Insurance Exchange*, 493 Pa. 150, 425 A.2d 419 (1981), the Authority contends that for economical reasons, the 18% interest rate should not apply. Since the Supreme Court has ruled, this Court is bound by the *Hayes* decision and will accordingly uphold the trial court's assessment of 18% interest on the award. *See Perma-Lite of Pennsylvania, Inc. v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 481, 393 A.2d 1082 (1978). Interest, however, shall accrue from December 20, 1984 since the interest amount is owed regardless of the good faith of the obligor or the reasonableness of the delay. *Steppling*, 328 Pa. Superior Ct. at 432, 477 A.2d at 521; Section 106(a)(2) of the Act.

### III

Lastly, Appellant argues that the trial court erred in denying attorney's fees and costs pursuant to Section 107 of the No-Fault Act. Appellant contends that the Authority had a legal obligation to pay Appellant no-fault benefits and that the Authority's legal defense of governmental immunity was not raised until October 1986 and cannot be a reasonable basis for denying attorney's fees and costs. The Authority counters that the application filed with the Department of Motor Vehicles raised questions as to Appellant's insurance coverage and that Appellant's delay in presenting her claim to the Authority caused concern as to the propriety and legitimacy of her claim. The Authority also contended that the immunity defense was a substantial question of paramount importance, citing *Gubernick v. City of Philadelphia*, 85 Pa. Commonwealth Ct. 397, 481 A.2d 1255 (1984). In *Gubernick*, this Court remanded the case to the trial court to allow an opportunity to the parties to address whether governmental immunity was a controlling issue even though not raised below. However, in *City of Philadelphia*, decided September 17, 1985, this Court determined that the City

is not immune from the payment of basic loss benefits under the No-Fault Act. In *Gurley v. City of Philadelphia*, 367 Pa. Superior Ct. 538, 533 A.2d 148 (1987), *appeal denied*, 518 Pa. 640, 542 A.2d 1369 (1988), the Superior Court followed *City of Philadelphia* in holding that the City was a primary obligor stripped of any government immunity defenses.

Section 107(3) of the No-Fault Act has been construed by the appellate courts of this State to allow an award of counsel fees only upon proof of bad faith on the part of an insurer in denying a claim. *See Shomper v. Aetna Life & Casualty Co.*, 309 Pa. Superior Ct. 97, 454 A.2d 1101 (1982); *Baker v. Aetna Casualty and Surety Co.*, 309 Pa. Superior Ct. 81, 454 A.2d 1092 (1982), *overruled on other grounds, Antanovich v. Allstate Insurance Co.*, 320 Pa. Superior Ct. 322, 467 A.2d 345 (1983), *affirmed*, 507 Pa. 68, 488 A.2d 571 (1985). This Court finds that the Authority consistently maintained that it was not the primary obligor even subsequent to disclosure of information which clearly established Appellant's uninsured status and subsequent to this Court's decision in *City of Philadelphia*. The Authority cannot now assert that it possessed a reasonable basis for disputing its primary obligor status and denying liability following the pronouncement in *City of Philadelphia*. *See Rago v. State Farm Mutual Automobile Insurance Co.*, 355 Pa. Superior Ct. 207, 513 A.2d 391 (1986). Accordingly, Appellant is entitled to an award of reasonable attorney's fees under Section 107(3) of the No-Fault Act. Remand to the trial court is necessary to determine reasonable attorney's fees for services performed for the period following the decision in *City of Philadelphia* up through post-trial proceedings.

The trial court's decision is reversed insofar as it denies recovery of attorney's fees and interest prior to the

date of trial. The case is remanded to the trial court for a determination of reasonable attorney's fees consistent with this opinion. The trial court's order regarding interest shall be adjusted to reflect an accrual 18% interest on the verdict from December 20, 1984 to the date of payment. The trial court's decision is affirmed in all other respects.

## ORDER

AND NOW, this 11th day of April, 1989, the trial court is reversed as to the denial of attorney's fees and interest prior to the date of trial. The case is remanded to the trial court to determine reasonable attorney's fees consistent with this opinion, and the verdict shall be adjusted to reflect an accrual of 18% interest from December 20, 1984 through the date of payment. The trial court's decision in all other respects is hereby affirmed.

Jurisdiction relinquished.

Judge MACPHAIL did not participate in the decision in this case.

President Judge CRUMLISH, JR. joins in part I and dissents to parts II and III of this opinion.