632 A.2d 1054

**Ronald H. GIELAROWSKI, an individual, Appellant,**

v.

**PORT AUTHORITY OF ALLEGHENY COUNTY,
Pennsylvania, a corporation, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 18, 1992.

Decided Oct. 20, 1993.

Paul L. Hammer, for appellant.

Charles D. Sheehy, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, McGINLEY, SMITH, PELLEGRINI and KELLEY, JJ.

KELLEY, Judge.

Ronald H. Gielarowski (Gielarowski) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) that dismissed his claim against the Port Authority of Allegheny County (PAT) for $15,000 in first-party benefits under the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. §§ 1701–1799.7. We affirm.

Gielarowski was injured on December 16, 1985, as he exited a PAT bus on his way to work at the Conrail Building in the Borough of Greentree. He slipped and fell after he had stepped to the ground. On December 8, 1987, Gielarowski filed a complaint in the trial court against PAT, Conrail (his employer), and the owners of the Conrail Building, Parkway Associates and Quality Construction Associates. The underlying tort action was separated from Gielarowski's first party benefits claim against PAT. The tort action was settled with PAT being dismissed and the first-party benefits case proceeded to trial.

After the trial, the trial court issued a decision holding that Gielarowski's claim against PAT is barred by sovereign immunity and that the claim is barred because Gielarowski failed to provide PAT with notice of his claim within six months of the accident as required by 42 Pa.C.S. § 5522. Gielarowski has appealed this decision, challenging both rationales of the trial court's holding.

Gielarowski first argues that sovereign immunity does not protect PAT from a claim for first-party benefits under the MVFRL. He states that a governmental agency which is self-insured for first-party benefits for its motor vehicles is a primary obligor stripped of any immunity defenses, citing *Hill v. Port Authority Transit System of Allegheny County*, 125

Pa.Commonwealth Ct. 69, 557 A.2d 430 (1989), *remanded,* 524 Pa. 466, 573 A.2d 1026 (1990) (*Hill I*).[1] Gielarowski also states that in *City of Philadelphia v. Nationwide Insurance Co.,* 92 Pa.Commonwealth Ct. 20, 498 A.2d 462 (1985), this court rejected the city's claim that governmental immunity constituted a defense to a claim for first party benefits under the Pennsylvania No–Fault Motor Vehicle Insurance Act (No–Fault Act).[2]

We have examined the cases cited by Gielarowski and we must conclude that they are contrary to his position. We turn first to *Nationwide Insurance Co.* where the court was presented with the city's argument that a nongovernment insurer of a vehicle involved in a collision with a city vehicle is the primary source of no-fault basic loss benefits to an uninsured pedestrian injured in the accident. In addressing this issue, the court analyzed the interplay between the No–Fault Act and the Political Subdivision Tort Claims Act (Tort Claims Act)[3] in the following discussion:

> The Tort Claims Act ... is designed to immunize local governments and agencies from liability for damages resulting from the acts or omissions of those agencies, their officers or employees. The Tort Claims Act was specifically enacted by the General Assembly in response to the abolition by the Pennsylvania Supreme Court of the doctrine of governmental immunity in *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973), and provided a procedure whereby tort claims could be institut-

1. Our Supreme Court, in a per curiam order, remanded *Hill* for this court to reconsider its holding in light of the Supreme Court's decision in *Marshall v. Port Authority of Allegheny County,* 524 Pa. 1, 568 A.2d 931 (1990), which held that PAT is a Commonwealth agency and therefore subject to the sovereign immunity provisions found in the Judicial Code at 42 Pa.C.S. §§ 8521–8528, and not the governmental immunity provisions found at 42 Pa.C.S. §§ 8541–8564.

2. Act of July 19, 1974, P.L. 489, *formerly* 40 P.S. §§ 1009.101–1009.-701. The No–Fault Act was repealed by the MVFRL.

3. Act of November 26, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §§ 5311.101–5311.803, repealed by the Act of October 5, 1980, P.L. 693. As stated earlier, the current law regarding governmental immunity is now found at 42 Pa.C.S. §§ 8541–8564.

ed against municipalities where the actions giving rise to the damage claims fit within one of the specified exceptions to governmental immunity. Damages resulting from motor vehicle accidents is one of the specific exceptions to governmental immunity. Therefore, under the Tort Claims Act, the City was placed on the same footing as all other persons regarding damage suits resulting from motor vehicle accidents with the exception of the $500,000 limit on damages recoverable from a municipality. Likewise, the City could avail itself of the partial abolition of tort liability contained in the No–Fault Act. Despite the City's contention to the contrary, there are no irreconcilable conflicts between the Tort Claims Act and the No–Fault Act and we are able to construe both statutes to give full effect to both.

*Nationwide Insurance Co.*, 92 Pa.Commonwealth Ct. at 25–26, 498 A.2d at 466 (footnotes omitted). The conclusion to be drawn from this passage is that the pedestrian in that case could recover benefits from the city under the No–Fault Act only because the accident which occurred fell within one of the exceptions to governmental immunity contained in the Tort Claims Act. The court made clear that the Tort Claims Act and the No–Fault Act were to be construed together and that one did not supersede the other. Thus, the case does not stand for the proposition advanced by Gielarowski, that immunity cannot constitute a defense to a claim for first-party benefits. On the contrary, the case stands for the proposition that a motor vehicle insurance claim against a government agency must satisfy the requirements of the immunity statutes in order for the injured party to recover. This includes the requirement that the injury must fall within one of the applicable immunity exceptions.[4]

Next we address Gielarowski's citing of *Hill I* for the proposition that a governmental agency which is self-insured for first-party benefits is a primary obligor stripped of any immunity defenses. Although *Hill I* does contain language to

---

**4.** While *Nationwide Insurance Co.* involved governmental immunity and the current case involves sovereign immunity, there is no relevant distinction between the statutes for the purpose of our analysis.

this effect, it does not represent the holding of that case but is instead the court's summary of the holding in a Superior Court case, *Gurley v. City of Philadelphia*, 367 Pa.Superior Ct. 538, 533 A.2d 148 (1987), *appeal denied*, 518 Pa. 640, 542 A.2d 1369 (1988). *Gurley* involved claims against the city for two separate accidents involving city vehicles. While the court in *Gurley* followed *Nationwide Insurance Co.* in holding that the city could not assert the immunity defense, we note that both accidents again clearly fell within the motor vehicle exception in the Tort Claims Act. We can find no language in *Gurley* which would indicate that a governmental agency can never assert immunity when presented with a motor vehicle insurance claim.

*Hill I* involved a suit against PAT by a pedestrian who was struck and injured by a PAT bus. The accident clearly fell within the vehicle liability exception to governmental immunity found at 42 Pa.C.S. § 8542(b)(1).[5] The complaint in assumpsit filed by Hill alleged that PAT was obliged to provide no-fault benefits to Hill. This court, rejecting Hill's argument that the governmental immunity provisions apply only to actions in tort and not to assumpsit actions, held that the essential character of Hill's action was one for damages and that the limitations of governmental immunity applied to the case.[6]

We conclude that under the case law cited above, the accident which occurred here must fall within an exception to sovereign immunity in order for Gielarowski to recover. In

**5.** Again we note that *Hill I* was decided before the Supreme Court's holding in *Marshall* that PAT was a Commonwealth agency.

We also note that in *Hill I* the court stated that the action fell within 42 Pa.C.S. § 8542(b)(2). That section is the personal property exception to governmental immunity. We assume the court meant to cite § 8542(b)(1), the vehicle exception. In any event, the court found that the action fell within an exception to governmental immunity.

**6.** Specifically, the court held that 42 Pa.C.S. § 8553(d), which precludes double recoveries from a local agency and a third party, was applicable to the case. After the Supreme Court remanded *Hill*, this court reaffirmed its holding that the immunity statutes were applicable in *Hill v. Port Authority Transit System of Allegheny County*, 137 Pa.Commonwealth Ct. 132, 585 A.2d 1129 (1991) (*Hill II*).

*Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988), our Supreme Court held that, where a woman was injured while alighting from local agency's van, the case did not fall under the vehicle liability exception of 42 Pa.C.S. § 8542(b)(1) because the injury did not occur during the operation of the vehicle. Similarly, we must conclude that the accident in the present case does not fall under the vehicle liability exception to sovereign immunity found at 42 Pa.C.S. § 8522(b)(1).[7] The trial court was therefore correct in denying Gielarowski's claim for first party benefits.[8]

Accordingly, we will affirm the order of the trial court.

## ORDER

NOW, this 20th day of October, 1993, the order of the Court of Common Pleas of Allegheny County, dated November 15, 1991, at No. GD–87–21084, is affirmed.

McGINLEY, Judge, dissenting.

I respectfully dissent. As the majority notes, Gielarowski's tort action against PAT was separated from his first-party benefits claim. Gielarowski's tort claim was subsequently settled and the tort claim against PAT was dismissed. PAT's obligation to provide first-party benefits for injuries arising out of the maintenance and use of a motor vehicle is a statutory obligation arising under Section 1712 of the MVFRL,[1] 75 Pa.C.S. § 1712, which is contractual in nature and unrelated to whether PAT committed any negligent acts.

Section 8522(a) of the Judicial Code provides:

The General Assembly, pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the

7. The language of both vehicle liability exceptions is similar in that both require that the injury result from the operation of a motor vehicle.

8. Because of our disposition of the immunity issue, we need not address the notice issue.

1. First-party benefits under the MVFRL are limited to medical benefits, income loss benefits, accidental death benefits and funeral benefits.

extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, *for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.*

42 Pa.C.S. § 8522(a) (emphasis added). Gielarowski's claim for first-party benefits is based solely on his injury in the course of his use of PAT's vehicle and not on any negligent act of PAT's. Accordingly, I would hold that PAT cannot claim sovereign immunity as a defense to Gielarowski's claim for first-party benefits.

I would also hold that the requirement in Section 5522 of the Judicial Code, 42 Pa.C.S. § 5522, that notice of a claim for damages against a Commonwealth agency, be given to the agency within six months from the date of the injury, is inapplicable to a claim for first-party benefits under the MVFRL which is solely contractual in nature. Section 5522 provides:

(a) Notice prerequisite to action against government unit.

(1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding within this Commonwealth or elsewhere against a government unit *for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units)* or otherwise shall file in the office of the government unit, and if the action is against a Commonwealth agency for damages, then also file in the office of the Attorney General a statement in writing, signed by or in his behalf, setting forth

(i) The name and residence address of the person to whom the cause of action has accrued.

(ii) The name and residence address of the person injured.

(iii) The date and hour of the accident.

(iv) The approximate location where the accident occurred.

(v) The name and residence or office address of any attending physician.

(2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more that six months after the date of the injury to person or property shall be dismissed and the person to whom any such cause of action accrued for any injury to person or property shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. The court shall excuse failure to comply with this requirement upon a showing of reasonable excuse for failure to file such statement.

42 Pa.C.S. § 5522(a)(1) and (2) (emphasis added). Gielarowski's claim for first-party benefits does not arise out of any negligent act by PAT that is listed in the exceptions to sovereign immunity set forth in Chapter 85 of the Judicial Code. Consequently, Gielarowski was not required to give PAT notice of his first-party claim within six months of his injury.

I would further hold that Gielarowski's injury arose out of the "maintenance and use of a motor vehicle," so as to entitle him to first-party benefits under the MVFRL. In *Tyler v. Insurance Company of North America*, 311 Pa.Superior Ct. 25, 457 A.2d 95 (1983), the Superior Court held that a passenger alighting from a bus when injured was engaged in the "maintenance and use of a motor vehicle" for purposes of the No–Fault Act. *Id.* at 28–29, 457 A.2d at 96. In *Tyler* the Court noted:

In general, it can be said that a person who is alighting from a vehicle is still an occupant thereof. He continues to 'occupy' the motor vehicle until he severs all connection with it. The point of severance is reached when he becomes highway oriented as opposed to being vehicle oriented. Until then, the alighting passenger continues to be an

222

occupant of the bus. Until such a person is on his or her own without reference to the bus, the person has not ceased to be a passenger or occupant. . . .

Applying a vehicle oriented versus highway oriented test to the facts of the instant case, we conclude that at the time of the accident Carol Tyler had not severed her relationship with the bus from which she was alighting. The bus company had a duty, not only to carry her safely, but to afford her an opportunity to alight safely.

*Id.* at 31, 457 A.2d at 97–98 (citations omitted).

In the present case, I would conclude that Gielarowski's alighting from the bus comes within "maintenance and use of a motor vehicle" for purposes of 75 Pa.C.S. § 1712. Gielarowski was not oriented to the icy conditions of the sidewalk when he fell. Accordingly, Gielarowski must be considered a passenger or occupant of the bus entitled to first-party benefits under 75 Pa.C.S. § 1712.

CRAIG, President Judge and PELLEGRINI, J., join in this dissenting opinion.