SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY,
Appellant,

v.

Renee DUNHAM.

Commonwealth Court of Pennsylvania.

Argued Oct. 13, 1995.

Decided Dec. 7, 1995.

Joan A. Zubras, for appellant.

Stephen E. Farber, for appellee.

Before COLINS, President Judge,
SMITH, J., and KELTON, Senior Judge.

COLINS, President Judge.

The Southeastern Pennsylvania Transportation Authority (Septa) appeals from the February 10, 1995 order of the Court of Common Pleas of Philadelphia County (Common Pleas) that denied a motion for summary judgment filed by Septa with respect to a claim for first-party benefits filed by Renee Dunham (Dunham). The foregoing order certified for appellate review Septa's interlocutory appeal under Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b).[1]

The record indicates that on January 10, 1992, Dunham exited from the Number 21 Septa bus at 60th and Walnut Streets, after which she walked in a northerly direction on 60th Street for a distance of two blocks. The record further contains Dunham's testimony that while walking on 60th Street, she stopped at a hosiery store along the way, after which she proceeded to the corner of 60th and Market Streets in order to board the Number 46 Septa bus. Dunham testified that as she was stepping off the curb to board the Number 46 bus, then in a stationary position, she fell into a pothole on the street, sustaining injuries.

In April 1994, Dunham filed a complaint against Septa based on the foregoing incident. In January of 1995, Septa filed a motion for summary judgment alleging that Dunham's action did not fall within the motor vehicle exception to sovereign immunity set forth at 42 Pa.C.S. § 8522(b)(1)[2], thereby barring Dunham's claim for first-party benefits. On February 10, 1995, Common Pleas denied Septa's motion but certified its order for our appellate review, noting the need for clarification of a "controlling question of law" for which there is "substantial ground for difference of opinion." Specifically, Common Pleas' order, as do Septa's arguments, focuses on the need to resolve the apparent conflict concerning the first-party benefit payment issue, between *Gielarowski v. Port Authority of Allegheny County*, 159 Pa.Cmwlth. 214, 632 A.2d 1054 (1993), *appeal denied*, 537 Pa. 625, 641 A.2d 590 (1994), an *en banc* decision of this Court, and *Adeyward–I v. SEPTA and the Pennsylvania Financial Responsibility Assigned Claims Plan*, 167 Pa. Cmwlth. 450, 648 A.2d 589 (1994), a panel decision. On April 3, 1995, this Court granted Septa's petition for permission to appeal.

At issue in the present case is whether a party, injured after exiting from one bus, but before boarding a second bus, is entitled to receive first-party benefits pursuant to the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §§ 1701–1799.7, (MVFRL), regardless of whether the occurrence of said injuries falls within the vehicle liability exception to sovereign immunity.

---

**1.** 42 Pa.C.S. § 702(b) provides as follows:

—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

**2.** 42 Pa.C.S. § 8522(b)(1) provides:

(b) The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

(1) Vehicle liability.—The operation of any motor vehicle in the possession or control of a Commonwealth party. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

■ On appeal, Septa, relying on our Supreme Court's decision in *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988), contends that Dunham's first-party benefit claim is barred *ab initio* because she sustained her injuries while approaching a stationary Septa vehicle rather than from the operation of said vehicle. Therefore, Septa argues that Dunham is precluded from invoking the motor vehicle exception to sovereign immunity, and that even if the more encompassing MVFRL standards were applied, Dunham could not be deemed an "occupant" of the bus with respect to eligibility for first-party benefits. Finally, it is Septa's position that the rationale set forth in *Gielarowski* definitively bars Dunham's first-party benefit claim although *Adeyward* seems to hold otherwise.

It is significant that the differing fact scenarios of the foregoing cases determined their ultimate disposition by this Court and, accordingly, we find that no conflict exists between *Gielarowski* and *Adeyward.* Gielarowski, while en route to his workplace, slipped and fell after exiting a Port Authority of Allegheny County (PAT) bus and after he stepped to the ground. In deciding whether the trial court correctly denied Gielarowski's claim for first-party benefits, this Court held that

> a motor vehicle insurance claim against a government agency must satisfy the requirements of the immunity statutes in order for the injured party to recover. This includes the requirement that the injury must fall within one of the applicable immunity exceptions.

. . . .

> We conclude that under the case law cited above, the accident which occurred here must fall within an exception to sovereign immunity in order for Gielarowski to recover.

*Gielarowski,* 632 A.2d at 1056–57 (footnotes omitted). Similarly, in *Love,* the Supreme Court upheld the City of Philadelphia's immunity against Love's action for injuries she incurred while alighting from a City-owned van in a stopped position, on the basis that these injuries were not the result of the City's "operation of a motor vehicle." It should be noted that neither Gielarowski nor Love were on their way to board a second vehicle after exiting from the first.

In contrast, *Adeyward,* on his way home, had exited from a southbound Septa bus near the intersection of Broad Street and Cecil B. Moore Avenue, and was crossing Broad Street to immediately board a westbound Septa bus, which was already at the bus stop, when he was struck by a hit-and-run automobile driver. On appeal, this Court affirmed the common pleas court's decision that, pursuant to *Utica Mutual Insurance Company v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005 (1984), and considering the geographical and temporal proximity of the first Septa bus from which Adeyward exited and the second Septa bus to which he intended to transfer en route home, Adeyward was still "vehicle rather than highway or sidewalk oriented" at the time he was injured. In applying the *Contrisciane* rationale, we found an unbroken causal connection and continuum between Adeyward's act of disembarking from the first vehicle and attempting to board the second vehicle, thereby rendering Adeyward still an "occupant" of Septa vehicles when injured.

The present case presents a markedly different fact situation, wherein Dunham was not simply crossing a street to transfer between Septa buses. She walked a full two blocks after exiting from the first bus in order to catch the second, stopping to shop along the way. In this matter, we find no geographic or temporal proximity establishing a travel continuum such as that found in *Contrisciane* and *Adeyward.*

Accordingly, we reverse Common Pleas' order and remand this matter to Common Pleas with the direction that it grant Septa's motion for summary judgment.

### ORDER

**AND NOW,** this 7th day of December, 1995, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed, and the matter is remanded to the Common Pleas Court

with the direction that Septa's summary judgment motion be granted.

Jurisdiction relinquished.