## Nationwide Mutual Insurance Co. v. Lehigh and Northampton Transportation Authority

566

*Edward J. McCarski,* for plaintiff.
*Richard L. Orwig,* for defendant LANTA.
*Jeffrey D. Stocker,* for defendants Brickhouse.

BLACK, *J.,* June 5, 2003—This declaratory judgment action is before the court on the cross-motions for summary judgment filed by the plaintiff, Nationwide Mutual Insurance Company, and by one of the defendants, Lehigh and Northampton Transportation Authority (LANTA). The issue raised by the cross-motions is whether the governmental immunity afforded local agencies under 42 Pa.C.S. §8541 shields a local agency from liability for first-party benefits under the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1700 et seq.

For the reasons that follow, we find that the statutory grant of governmental immunity does bar claims under the MVFRL, unless the claim falls within one of the statutory exceptions in 42 Pa.C.S. §8542. In this case none of the enumerated exceptions applies. Therefore, LANTA is immune from liability on the claims at issue, and its motion for summary judgment must be granted. For the same reasons the summary judgment motion filed by Nationwide must be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 17, 2001, defendants Keon L. Brickhouse, a minor, and his mother, Wanda D. Brickhouse, were passengers on a bus owned and operated by LANTA. The bus was stopped at the intersection of Hamilton Boulevard and 22nd Street in Allentown, Lehigh County, Pennsylvania, and the driver was assisting a handicapped person board the bus when a vehicle driven by the defendant Theodore Yanick struck the bus from the rear. The Brickhouses sustained personal injuries as a result of the collision. At the time of the collision, Yanick carried an automobile insurance policy with Nationwide. Neither Keon nor Wanda Brickhouse owned a vehicle or was insured under an automobile insurance policy.

The Brickhouses initially submitted a claim to LANTA for first-party benefits under section 1713(a)(3) of the MVFRL[1] as a result of injuries they sustained in the accident. LANTA denied any responsibility for first-party benefits. The Brickhouses then submitted an application for such benefits to Nationwide, which responded by commencing this action for declaratory relief. Nationwide seeks a judicial determination that LANTA, rather

---

1. Specifically, the Brickhouses submitted a claim under 75 Pa.C.S. §1713(a)(3), which provides:

"(a) General rule.—Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first-party benefits against applicable insurance coverage in the following order of priority: . . .

"(3) For the occupants of an insured motor vehicle, the policy on that motor vehicle."

than Nationwide, is responsible to the Brickhouses for the payment of first-party benefits.

Oral argument was held on the cross-motions of Nationwide and LANTA for summary judgment on May 21, 2003. Counsel for the Brickhouses appeared at the argument but took no position as to whether Nationwide or LANTA should prevail.

## DISCUSSION

The facts of this case are not in dispute. Hence the case is appropriate for summary judgment. Nationwide and LANTA both agree that LANTA, which was organized under the Municipality Authorities Act, 53 P.S. §5607(a), is a local agency for immunity purposes. See *Gloffke v. Robinson,* 812 A.2d 728, 732 (Pa. Commw. 2002). Nationwide and LANTA also agree that as a local agency, LANTA is immune from liability for personal injury and property damage claims unless the claim falls within one of the exceptions to immunity specified in 42 Pa.C.S. §8542. Finally, Nationwide and LANTA also agree that the Brickhouse claims do not fall under the vehicle liability exception to immunity in 42 Pa.C.S. §8542(b)(1)[2] because the LANTA bus was stopped at the time of the incident and thus not in "operation" within the meaning of the vehicle liability exception. See *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988)

---

2. 42 Pa.C.S. §8542(b) provides:

"Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(1) Vehicle liability.—The operation of any motor vehicle in the possession or control of the local agency . . . ."

(governmental immunity barred recovery when elderly woman fell while alighting from a stationary city-owned van); see also, *Rubenstein v. SEPTA,* 668 A.2d 283, 286 (Pa. Commw. 1995) ("a regular stop on the vehicle's route does not constitute operation of the motor vehicle").

Therefore, the only issue before the court is whether claims for first-party benefits under the MVFRL override the statutory grant of governmental immunity to local agencies. LANTA maintains in its motion that the grant of governmental immunity controls and therefore that the Brickhouses are barred from maintaining a suit against it for first-party benefits under the MVFRL. Nationwide's position is just the opposite: Nationwide maintains that the defense of governmental immunity does not apply to such benefit claims. For the reasons that follow, we find that the defense of governmental immunity does apply and therefore grant summary judgment in favor of LANTA.

The governmental immunity of local agencies is established by statute in 42 Pa.C.S. §§8541 to 8564, historically referred to as the Political Subdivision Tort Claims Act. Section 8541 provides a general grant of immunity as follows:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."[3]

---

3. 42 Pa.C.S. §8541.

The exceptions to this statutory grant of immunity are set forth in section 8542.[4] Subsection 8542(a) imposes liability where (1) liability would otherwise be imposed under common law or by statute in the absence of immunity, (2) "[t]he injury was caused by the negligent acts of the local agency or an employee thereof . . .",[5] and (3) the incident falls within one of the enumerated categories of exceptions in subsection 8542(b). One of the enumerated categories, referred to as the vehicle liability exception, precludes the assertion of immunity for liability incurred in "[t]he operation of any motor vehicle in the possession or control of the local agency . . . ."[6] In this case, as noted above, the parties are in agreement that neither the vehicle liability exception nor any of the other enumerated exceptions to immunity applies. Furthermore, there is no allegation of negligence on the part of LANTA, so that one of the basic conditions for liability under section 8542(a) has not been met.

The MVFRL provides for the mandatory payment of certain benefits to persons injured in motor vehicle accidents, regardless of fault. These benefits include medical benefits, income loss benefits, accidental death benefits and funeral benefits. The benefits are to be paid by the injured party's motor vehicle insurance carrier or by a policy under which he is insured. If the injured party is uninsured, then these first-party benefits are to be paid from the insurance policy on the motor vehicle occupied by such party; or if he is a non-occupant, by the insurance policy covering any vehicle involved in the acci-

---

4. 42 Pa.C.S. §8542.
5. 42 Pa.C.S. §8542(a)(2).
6. 42 Pa.C.S. §8542(b)(1).

dent.[7] The MVFRL does not address questions of governmental immunity.

In *Gielarowski v. Port Authority of Allegheny County,* 159 Pa. Commw. 214, 632 A.2d 1054 (1993) (en banc), the Commonwealth Court dealt with the interplay between the MVFRL and the immunity statutes. The plaintiff in *Gielarowski* sought benefits under the MVFRL for injuries he had sustained while exiting a bus owned by the Port Authority, a Commonwealth agency. Because the bus was stationary when the injury occurred, the court held that the plaintiff had failed to show that his injury resulted from the "operation" of a motor vehicle. Therefore, because his claim did not fall within the vehicle liability exception to sovereign immunity, the Port Authority was immune from liability to the plaintiff for first-party benefits under the MVFRL. The court reasoned that the MVFRL and the immunity statutes were to be construed together and held that: a motor vehicle insurance claim against a government agency must satisfy the requirements of the immunity statutes in order for the injured party to recover. This includes the requirement that the injury must fall within one of the applicable immunity exceptions." *Gielarowski, supra* at 217, 632 A.2d at 1056.

We find *Gielarowski* to be controlling precedent in the instant case. The defendant in *Gielarowski* was deemed to be a Commonwealth agency, rather than a local agency, and therefore was protected by sovereign immunity under 42 Pa.C.S. §§8521-8528, rather than governmental immunity under 42 Pa.C.S. §§854-64. How-

---

7. 75 Pa.C.S. §1713(a)(3), (4).

ever, the court noted that "there is no relevant distinction between the statutes [pertaining to governmental immunity and sovereign immunity] for the purpose of our analysis." *Gielarowski, supra* at 217 n.4, 632 A.2d at 1058 n.4.

Nationwide contends that liability under the MVFRL is based on contract, rather than tort, and therefore that the statutory immunity provisions should not apply. This is the same argument made by Judge McGinley in her dissent in *Gielarowski.* The argument was rejected by a majority of the en banc court, and we do not find it convincing. Liability under the MVFRL is imposed by statute, not by contract. This statutory liability is clearly within the scope of the immunity statutes such as section 8541, which provides immunity to local agencies "for *any damages on account of any injury to a person* or property caused by any act of the local agency or an employee thereof . . . ." (emphasis added) This governmental immunity is not limited to negligence claims. The statutory language is quite broad and encompasses all damage claims for injury to person or property, subject only to the exceptions in section 8542. Nationwide and LANTA have agreed that none of the exceptions enumerated in subsection 8542(b), including the vehicle liability exception, is applicable to the Brickhouses' claims.

Moreover, and of special significance, the enumerated exceptions to immunity can apply only if the conditions of subsection 8542(a) are first met, including the condition that "[t]he injury was caused by the negligent acts of the local agency or an employee thereof." [8] There-

---

8. 42 Pa.C.S. §8542(a)(2).

fore, if liability is asserted against a local agency for non-negligent conduct, as here, the defense of governmental immunity clearly bars recovery. If the local agency assumes liability by contract, this would constitute a waiver of immunity. But Nationwide has not pointed to any such contractual waiver by LANTA in this case.

Nationwide also argues that *Gielarowski* was overruled by two later panel decisions of the Commonwealth Court in *Adeyward-I v. Pennsylvania Financial Responsibility Assigned Claims Plan,* 167 Pa. Commw. 450, 648 A.2d 589 (1994) and *SEPTA v. Dunham,* 668 A.2d 272 (Pa. Commw. 1995). Both of these cases were decided by three-judge panels of the Commonwealth Court. Therefore, they could not possibly have overruled the en banc decision in *Gielarowski.* See *Commonwealth v. Ross,* 763 A.2d 853, 856 (Pa. Super. 2000). In actuality, both of these cases were decided on other grounds, and in *Dunham* the three-judge panel quoted with approval that portion of the majority opinion in *Gielarowski* upholding the applicability of the immunity statutes to MVFRL claims.

In *Adeyward,* in a two-paragraph opinion by Judge Colins, the Commonwealth Court affirmed a decision by the Philadelphia County Court of Common Pleas[9] finding SEPTA responsible for first-party benefits under the MVFRL. The claimant had been injured by a hit-and-run driver while crossing a street to transfer from one SEPTA bus to another SEPTA bus. Both courts held SEPTA, a Commonwealth agency, liable for first-party

---

9. *Adeyward v. SEPTA,* 26 Phila. 382 (1993).

benefits under the MVFRL on the theory that the claimant was an "occupant" of the bus because he was "vehicle oriented" rather than "sidewalk oriented." However, neither the Commonwealth Court nor the court of common pleas addressed the immunity issue at all. For reasons that are not disclosed in either opinion, the issue of SEPTA's sovereign immunity was never raised and the *Gielarowski* decision was never mentioned. Since Judge Colins authored the 1994 panel decision in *Adeyward* and had just the year before authored the majority opinion for the en banc court in *Gielarowski,* it is inconceivable that the *Adeyward* panel intended to overrule *Gielarowski* sub silentio.

In *Dunham* summary judgment was granted in favor of SEPTA on Dunham's claim for first-party benefits on the ground that the claimant was not an "occupant" of the bus at the time of his injury and hence was not entitled to benefits under the MVFRL. The decision was not based on sovereign immunity, but the court did not reject the sovereign immunity defense either. To the contrary, the court, again through Judge Colins, quoted from *Gielarowski* as follows:

"[A] motor vehicle insurance claim against a government agency must satisfy the requirements of the immunity statutes in order for the injured party to recover. This includes the requirement that the injury must fall within one of the applicable immunity exceptions. . . .

"We conclude that under the case law cited above, the accident which occurred here must fall within an exception to sovereign immunity in order for Gielarowski to recover." *Dunham, supra* at 274, quoting *Gielarowski, supra* at 218, 632 A.2d at 1056-57. Far from disowning

*Gielarowski,* the three-judge panel in *Dunham* quoted approvingly from the majority opinion in that case.

For these reasons, we find that *Gielarowski* is the controlling precedent for this case. Although *Gielarowski* deals with the sovereign immunity of Commonwealth agencies and the movant LANTA is a local agency, the immunity schemes are similar. The same reasoning that *Gielarowski* employed with respect to sovereign immunity applies with equal force to the related doctrine of government immunity of local agencies. Therefore, we find that LANTA is not liable to the Brickhouses for their first-party MVFRL claim.

## CONCLUSION

For all of the above-stated reasons, Nationwide's motion for summary judgment must be denied. LANTA's motion for summary judgment is granted.

## ORDER

Now, June 5, 2003, upon consideration of the cross-motions for summary judgment by the plaintiff Nationwide Mutual Insurance Company and the defendant Lehigh and Northampton Transportation Authority, after review of the parties' briefs and oral argument and for the reasons set forth in the accompanying opinion, it is ordered as follows:

(1) The plaintiff's motion for summary judgment is denied.

(2) The defendant's motion for summary judgment is granted and judgment is hereby entered in favor of LANTA against all parties.