## Wright v. Denny

*David B. Sherman*, for plaintiffs.
*Stephen E. Vedro*, for defendants.

MAIER, *J.*, January 25, 2011—Plaintiff-appellant, Joe and Sharon Wright, h/w ("plaintiff"), brought this

action against defendants Sirod Denny and Southeastern Pennsylvania Transportation Authority ("SEPTA"), to recover damages stemming from a motor vehicle accident that occurred on June 30, 2007. A nonjury trial commenced on September 16, 2010. The sole issue heard before this court was whether SEPTA was obligated to pay uninsured motorist benefits to plaintiff. On October 4, 2010, this court found that SEPTA was not obligated to pay those benefits. On October 8, 2010, plaintiff filed a motion for post-trial relief, requesting the judgment be vacated and entered in favor of plaintiff or, in the alternative, a new trial. Plaintiff now appeals this court's order of October 27, 2010, which denied plaintiff's post-trial motion.

Plaintiff filed and served upon this court a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In his statement, plaintiff contends:

1.   It was error for the court to deny plaintiff's motion for post-trial relief because, as a matter of law, sovereign immunity was inapplicable to the case because the negligence or nonnelgience of SEPTA was immaterial to the uninsured motorist claim because in a UM claim, SEPTA stands in the shoes of the negligent uninsured third party. See *Lowery v. Port Authority of Alleghany County*, 914 A.2d 953, 961 (Pa. Commw. 2006); see also *Paravati v. Port Authority of Alleghany County*, 914 A.2d 946 (Pa. Commw. 2006). Plaintiff's statement of errors complained of on appeal filed on December 23, 2010.

For the following reasons, this court's ruling should be affirmed.

## I. BACKGROUND

On June 30, 2007, plaintiff Joe Wright was a passenger on board a SEPTA bus. On the intersection of 52nd Street and Walnut Street, the SEPTA bus was at a stop. While stopped, the bus was rear-ended. The striking vehicle fled the scene. That vehicle was uninsured.

This court held a hearing to determine whether SEPTA was obligated to plaintiff for uninsured motorist benefits. This court determined that sovereign immunity barred plaintiff's claim because the bus was not in operation at the time of the accident.

## II. DISCUSSION

This court properly ruled that plaintiff's claim against SEPTA was barred by sovereign immunity. SEPTA is a Commonwealth Agency under the Sovereign Immunity Act, 42 Pa.C.S.A. § 8251. Thus, SEPTA and its employees acting within the course and scope of their employment are immune from a plaintiff's claims unless it falls within one of the exceptions to sovereign immunity set forth in 42 Pa.C.S.A. § 8522(b). The exceptions to sovereign immunity are (1) the operation of a motor vehicle, (2) acts of health care employees, (3) the care, custody, or control of personal property, (4) a dangerous condition of Commonwealth real estate, (5) a dangerous condition of highways, (6) the care, custody, and control of animals, (7) the sale of liquor at Pennsylvania liquor stores, (8) acts of members of Pennsylvania National Guard, and (9) use of toxoids or vaccines. Pennsylvania courts have consistently held that exceptions to immunity must be narrowly interpreted and strictly construed because of the

legislature's intent to insulate Commonwealth agencies from liability. *White v. School District of Philadelphia*, 553 Pa. 214, 718 A.2d 778 (Pa. 1998); *Finn v. City of Philadelphia*, 541 Pa. 596, 664 A.2d 1342 (Pa. 1998).

The only exception that plaintiff's claim could fall into is the operation of a motor vehicle. 42 Pa.C.S.A. §8522(b)(1). To come within this exception, the motor vehicle must be in operation. *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (Pa. 1988). In *Love*, supra, the Supreme Court held that to operate something means to put in motion. *Id.* at 375. Pennsylvania courts have consistently followed the *Love* decision when deciding whether sovereign immunity applies to a case. See *White v. School District of Philadelphia*, 553 Pa. 214, 718 A.2d 778 (Pa. 1998); see also *Berman v. Septa*, 698 A.2d 1362 (Pa. Commw. 1997).

Immunity statutes are applicable to claims brought under the Motor Vehicle Financial Responsibility Law ("MVFRL"). The Pennsylvania Commonwealth Court has held that when a plaintiff disembarks from a stopped bus and, subsequently, makes a claim for medical benefits, that claim must fit within one of the statutory exceptions to sovereign immunity. *Gielarowski v. Port Authority of Allegheny County*, 632 A.2d 1054 (Pa. Commw. 1993)(en banc). The court held that the plaintiff was not entitled to benefits because the claim did not fit within any exception. Specifically, the court stated "a motor vehicle insurance claim against a government agency must satisfy the requirements of the immunity statutes in order for the injured party to recover. This includes the requirement that the injury must fall within one of the applicable immunity

exceptions." *Id.* at 1056. It is important to note that, under *Gielarwoski*, the Sovereign Immunity Act, the Tort Claims Act, and the MVFRL can be applied and do not conflict. However, under *Gielarwoski*, the underlying incident must fall within one of the enumerated exceptions to sovereign immunity.

In the case sub judice, the determining factor is whether or not the bus was in operation. Here, the bus was stopped at the time of the accident. Because the bus was not in operation, no exception to immunity applies. Therefore, plaintiff's claim is barred under the Sovereign Immunity Act.

Plaintiff relies on *Lowery v. Port Authority of Alleghany County*, 914 A.2d 953 (Pa. Commw. 2006) and *Paravati v. Port Authority of Alleghany County*, 914 A.2d 946 (Pa. Commw. 2006). Those cases, however, are factually distinguishable from the case sub judice. In both cases, the Commonwealth Court held that the Commonwealth agency was responsible for paying uninsured motorist benefits to the plaintiffs because the vehicle was moving while the accident occurred, thus falling under an exception to sovereign immunity.

In the case sub judice, SEPTA is not required to pay uninsured motorist benefits because plaintiff's claim is barred by SEPTA's sovereign immunity. Plaintiff's claim does not fall into the "operation of a motor vehicle" exception to sovereign immunity because the vehicle was not in motion at the time the accident occurred. Therefore, plaintiff is not entitled to uninsured motorist benefits from SEPTA.

## III. CONCLUSION

Based on the foregoing, this court respectfully requests that the order denying plaintiff's post-trial motion entered on October 27, 2010 be affirmed.