**Joe WRIGHT and Sharon Wright, h/w, Appellants**

**v.**

**Sirod J. DENNY and Southeastern Pennsylvania Transportation Authority a/k/a SEPTA.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 2, 2011.

Decided Oct. 25, 2011.

Reargument Denied Dec. 19, 2011.

David B. Sherman, Philadelphia, for appellants.

Stephen Vedro, Philadelphia, for appellee Southeastern Pennsylvania Transportation Authority.

Thomas Patrick Kelly, Philadelphia, for amicus curiae Pennsylvania Financial Responsibility Assigned Claims Plan.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Joe Wright and Sharon Wright, husband and wife, (collectively, the Wrights) appeal from an order of the Court of Common Pleas of Philadelphia County (trial court), which denied their post-trial motion. We affirm.

The Wrights filed suit against defendants Sirod Denny and Southeastern Pennsylvania Transportation Authority (SEPTA) to recover damages stemming from an accident pursuant to the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. §§ 1701–1799.7. The complaint alleged that on June 30, 2007, Joe Wright was a passenger onboard a SEPTA bus. At the intersection of 52nd Street and Walnut Street, the SEPTA bus was at a stop. While stopped, the bus was rear-ended and Joe Wright was injured. The striking vehicle fled the scene and was deemed to be uninsured.

A nonjury trial commenced on September 16, 2010. The sole issue before the trial court was whether SEPTA was obligated to pay uninsured motorist benefits to the Wrights.[1] On October 4, 2010, the trial court found that SEPTA was not obligated to pay those benefits on the basis that the Wrights' claim was barred by sovereign immunity. On October 8, 2010, the Wrights filed a motion for post-trial relief, requesting the judgment be vacated and entered in their favor, or in the alternative, a new trial. The trial court denied the motion. This appeal now follows.[2]

---

1. Uninsured motorist insurance provides "protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of uninsured motor vehicles." Section 1731(b) of the MVFRL, 75 Pa.C.S. § 1731(b).

2. This Court's review of an order of the trial court denying post-trial motions is limited to determining whether there was an abuse of discretion or an error of law. *Commonwealth by Corbett v. Manson,* 903 A.2d 69 (Pa. Cmwlth.2006).

■ The sole issue presented for review is whether the trial court erred by denying the Wrights' motion for post-trial relief where, as a matter of law, sovereign immunity was inapplicable because the negligence or non-negligence of SEPTA was immaterial to uninsured motorist claims because, in an uninsured motorist claim, SEPTA stands in the shoes of the negligent uninsured third party that causes injuries to SEPTA bus passengers.[3]

SEPTA is a Commonwealth agency protected by the sovereign immunity provisions found in the Judicial Code at 42 Pa.C.S. §§ 8521–8528. *Donnelly v. Southeastern Pennsylvania Transportation Authority,* 708 A.2d 145 (Pa.Cmwlth.1998). SEPTA and its employees acting within the course and scope of their employment are generally immune from suit "for damages arising out of a negligent act" unless the action falls within one of the enumerated exceptions. Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522. The courts of this Commonwealth have consistently held that the exceptions to immunity must be narrowly interpreted and strictly construed because of the General Assembly's intention to insulate Commonwealth parties from liability. *Martz v. Southeastern Pennsylvania Transportation Authority,*

143 Pa.Cmwlth. 25, 598 A.2d 580 (1991); *Bruce v. Department of Transportation,* 138 Pa.Cmwlth. 187, 588 A.2d 974 (1991), *petition for allowance of appeal denied,* 533 Pa. 626, 620 A.2d 492 (1993); *Gallagher v. Bureau of Correction,* 118 Pa. Cmwlth. 516, 545 A.2d 981 (1988), *petition for allowance of appeal denied,* 520 Pa. 620, 554 A.2d 511 (1989); *Davidow v. Anderson,* 83 Pa.Cmwlth. 86, 476 A.2d 998 (1984).

■ The sovereign immunity exception of relevance here is the Vehicle Liability Exception, which provides:

The operation of any motor vehicle in the possession or control of a Commonwealth party. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

Section 8522(b)(1) of the Judicial Code, 42 Pa.C.S. § 8522(b)(1). In order for this exception to apply, the motor vehicle must be in "operation". *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988). In *Love,* our Supreme Court addressed a nearly identical exception pertaining to governmental immunity[4] and interpreted

---

**3.** In addition to briefs filed by the parties, we are also presented with an *amicus curiae* brief filed by the Pennsylvania Financial Responsibility Assigned Claims Plan (Plan) in support of the Wrights' position. The Plan states that it provides limited statutory benefits as a last resort if no other coverage is applicable to certain eligible claimants under the MVFRL. The Plan's brief raises and addresses an additional issue. An *amicus curiae* brief is limited to those questions already before an appellate court as raised by the parties to an appeal. Pa. R.A.P. 531(a). An *amicus curiae* is not a party and cannot raise issues which have not been preserved and raised by the parties themselves. *Temple University Hospital, Inc. v. Healthcare Management Alternatives, Inc.,* 832 A.2d 501, 506 n. 2 (Pa.Super.2003), *petition for allowance of appeal denied,* 577 Pa.

724, 847 A.2d 1288 (2004). We shall consider the Plan's contentions only insofar as they pertain to the issues raised by the parties.

**4.** Section 8542(b)(1) of the Judicial Code, 42 Pa.C.S. § 8542(b)(1), provides:

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(1) Vehicle liability.—The operation of any motor vehicle in the possession or control of the local agency, provided that the local agency shall not be liable to any plaintiff that claims liability under this subsection if the plaintiff was, during the course of the alleged negligence, in flight or fleeing apprehension or resisting arrest by a police

"operation" to mean "to actually put it in motion." *Love*, 518 Pa. at 375, 543 A.2d at 533. The Court elucidated, "[m]erely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are not the same as actually operating that vehicle." *Id.* The Court determined that the exception to immunity does not apply where the vehicle is stopped. *Id.* Therefore, injuries sustained while the vehicle is stopped, such as getting into or alighting from a stopped vehicle, are merely acts ancillary to the actual "operation" of that vehicle. *Id.*

 This Court has held that immunity statutes are applicable to claims brought under the MVFRL. *Gielarowski v. Port Authority of Allegheny County*, 159 Pa.Cmwlth. 214, 632 A.2d 1054 (1993), *petition for allowance of appeal denied*, 537 Pa. 625, 641 A.2d 590 (1994). In *Gielarowski*, a bus passenger filed an action against the county port authority seeking first-party benefits under MVFRL for an injury suffered in a slip and fall accident while exiting a bus operated by port authority. We determined that the injury did not result from operation of a motor vehicle because the bus was stopped. *Id.* at 1057. The MVFRL and the immunity statutes are to be construed together, so that one does not supersede another. *Id.* at 1056. A motor vehicle insurance claim must satisfy requirements of the immunity statutes for a party to recover. *Id.* Thus, we held that the accident did not fall within the statutory vehicle liability exception to sovereign immunity and the port au-

thority was not liable for first-party benefits under the MVFRL. *Id.* at 1057.

 Relying on *Lowery v. Port Authority of Allegheny County*, 914 A.2d 953 (Pa.Cmwlth.2006), *petition for allowance of appeal denied*, 594 Pa. 706, 936 A.2d 41 (2007), and *Paravati v. Port Authority of Allegheny County*, 914 A.2d 946 (Pa. Cmwlth.2006), *petition for allowance of appeal denied*, 594 Pa. 706, 936 A.2d 42 (2007), the Wrights maintain that the sovereign immunity provisions are not applicable because the Wrights have not asserted a negligence claim against SEPTA. In these cases, the plaintiffs were passengers on port authority buses involved in motor vehicle accidents caused by the negligence of uninsured motorists with no finding of negligence on the part of the port authority. *Lowery; Paravati.* The plaintiffs filed claims against the port authority seeking uninsured motorist benefits provided by the MVFRL. *Id.* For recovery of these benefits, proof of negligence was required. Section 1731 of the MVFRL, 75 Pa.C.S. § 1731; *Lowery*, 914 A.2d at 961. Negligence was not asserted against the port authority; the port authority asserted the defense of sovereign immunity. *Lowery; Paravati.* This Court determined that the sovereign immunity provision of Section 8522 of the Judicial Code does not specify that the "negligent act" must be committed by the Commonwealth party. *Lowery*, 914 A.2d at 961. We recognized that it is the nature of uninsured motorist coverage that recovery requires proof of negligence on the part of someone other than the insured. *Id.* Therefore, damages

officer or knowingly aided a group, one or more of whose members were in flight or fleeing apprehension or resisting arrest by a police officer. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

The courts of this Commonwealth have held that when sovereign and governmental immunity exceptions are identical, their interpretation should be identical as well. *Jones v. Southeastern Pennsylvania Transportation Authority*, 748 A.2d 1271 (Pa.Cmwlth.2000), *aff'd*, 565 Pa. 211, 772 A.2d 435 (2001).

for uninsured motorist benefits under the MVFRL are recoverable against a self-insured private party based upon proof of negligence by the uninsured driver alone. *Id.* Thus, we held that sovereign immunity does not bar a claim for uninsured motorist benefits absent an allegation of negligence by the port authority. *Id.; Paravati,* 914 A.2d at 951.

While the uninsured claims were not barred in *Lowery* and *Paravati,* these cases are readily distinguishable from the matter at hand because they did not involve strict construction of the vehicle exception to immunity. In both cases, the buses were in motion when the collisions occurred. *Lowery,* 914 A.2d at 955 (collision occurred when a car pulled out from a restaurant directly into the path of the bus); *Paravati,* 914 A.2d at 947 (a pickup truck ran a stop sign and drove into the path of the bus, which made an emergency stop to avoid a collision). Therefore, the buses were in "operation" at the time of the accident and in the possession and control of the Commonwealth party within the meaning of Section 8522(a) of the Judicial Code. *Id.* As a result, the exception to sovereign immunity was met. *Id.*

In this case, the SEPTA bus was not in motion and, therefore, not in "operation" when the accident occurred. Thus, the case at bar presents no exception to immunity. Contrary to the assertions made by the Wrights and the Plan, such an interpretation does not create an absurd result. Rather, this interpretation provides full meaning to both the MVFRL and the immunity provisions. For these reasons, we conclude that the trial court did not err in determining that Wrights were not entitled to uninsured motorist benefits from SEPTA.

Accordingly, we affirm.

## ORDER

AND NOW, this 25th day of October, 2011, the Order of the Court of Common Pleas of Philadelphia County is AFFIRMED.