**[J-59-2017] [MO: Mundy, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| VICTORIA BALENTINE, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF EDWIN OMAR MEDINA-FLORES, DECEASED, | : No. 119 MAP 2016 <br> : <br> : Appeal from the Order of the <br> : Commonwealth Court dated June 3, <br> : 2016 at No. 1859 CD 2015 Affirming the |
| Appellant | : Order of the Delaware County Court of <br> : Common Pleas, Civil Division, dated <br> : September 2, 2015 at No. 13-11179. |
| v. | : <br> : ARGUED: September 13, 2017 <br> : |
| CHESTER WATER AUTHORITY, WYATT A. ROLAND, MICHAEL W. ROLAND AND CHARLES MATTHEWS, | : <br> : <br> : <br> : |
| Appellees | : |

**CONCURRING OPINION**

**JUSTICE BAER**                                                    **DECIDED: August 21, 2018**

I agree with the Majority that the motor vehicle exception to governmental immunity under the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa.C.S. §§ 8541-8542[1] applies under the circumstances presented in this case because the vehicle at issue was in "operation" at the time of the accident. I further agree with the Majority that, in deciding whether a motor vehicle is in "operation" for purposes of the motor vehicle exception, the proper test to apply is that which is set forth in the dissent penned by our distinguished former colleague, Justice Sandra Schultz Newman, in

---

[1] The motor vehicle exception to the Tort Claims Act provides that "[t]he operation of any motor vehicle in the possession or control of the local agency" is an act that may result in the imposition of liability on a local agency. 42 Pa.C.S. § 8542(b)(1).

*Warrick v. Pro Core Ambulance, Inc.*, 739 A.2d 127 (Pa. 1999) (Newman, J., dissenting). I disagree, however, with the Majority to the extent that it overrules this Court's decision in *Love v. City of Philadelphia*, 543 A.2d 531 (Pa. 1988), in reaching its decision today.

*Love* involved a woman who fell while exiting a van owned by the City of Philadelphia. The very specific issue this Court addressed on appeal was "whether the act of entering into or alighting from a motor vehicle constitutes operation of that vehicle under 42 Pa.C.S. § 8542(b)(1)." *Love*, 543 A.2d at 532. The Court decided that narrow issue in the negative, concluding that "[g]etting into or alighting from a vehicle are merely acts ancillary to the actual operation of that vehicle." *Id.* at 533. In so doing, however, the Court made the following additional observation about the term "operation" that have served as the impetus for the confounding development of the law in this area:

> [T]o operate something means to actually put it in motion. Merely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are *not* the same as actually operating that vehicle. Thus, according to the common and approved usage of the word "operation", the van was not in operation at the time of Mrs. Love's accident.

*Id.* (emphasis in original).

Because this language is untethered to the narrow question addressed in *Love*, it constitutes *dicta*. Unfortunately, this *dicta* equating "operation" with "movement" spurred a line of cases, primarily from the Commonwealth Court, which perpetuated the false equivalency of "operation" and "motion." By way of an extreme example, in *Wright v. Denny*, 33 A.3d 687 (Pa. Cmwlth. 2011), a passenger onboard a Southeastern Transportation Authority (SEPTA) bus was injured when the bus was rear-ended by another vehicle while it was at a stop at an intersection. Citing *Love*'s *dicta* quoted above, the Commonwealth Court interpreted *Love* to hold that "the exception to

immunity does not apply where the vehicle is stopped." *Id.* at 690. Thus, the Commonwealth Court held that "the SEPTA bus was not in motion, and therefore, not in 'operation' when the accident occurred." *Id.* at 691.[2]

This decision, as well as those encapsulated in footnote 2, emanate not from *Love*'s holding that ingress and egress from a parked vehicle does not constitute "operation" thereof, but, rather, from the gratuitous *dicta* contained within that opinion and quoted above, which unnecessarily equates movement and operation. Accordingly, I would honor *stare decisis* and reaffirm this Court's actual holding in *Love*. However, to the extent any precedent in this Commonwealth turned on the application of the *dicta* in *Love* as opposed to its holding, I would disapprove them.

Justice Donohue joins this concurring opinion.

---

[2] Additional Commonwealth Court cases following the *dicta* in *Love* include, among other decisions, *Pennsylvania State Police v. Robinson*, 554 A.2d 172 (Pa. Cmwlth. 1989) (holding that a state police vehicle, temporarily parked in the passing lane of an interstate highway while the officer inside the vehicle investigated an accident, was not in operation at the time another vehicle struck a person obtaining flares from the police vehicle's trunk); *First National Bank of Pennsylvania v. Department of Transportation*, 609 A.2d 911 (Pa. Cmwlth. 1992) (holding that a PennDOT truck not in motion, but rather parked on or near the berm of a road, with a PennDOT employee in the driver's seat and two others in the truck bed, the motor running, and the flashing lights activated, was not in operation at the time another vehicle collided with it); and *Beitler v. City of Philadelphia*, 738 A.2d 37 (Pa. Cmwlth 1999) (holding that a city police vehicle that was again not in motion, but was temporarily stopped in the lane of an expressway, with its motor running and roof lights activated by an officer-driver while he was assisting another motorist, was not in operation at the time another vehicle collided with it).